United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

TANYA STUTSON,

      Plaintiff,

      vs.

BUREAU OF PRISONS and DOES 1 through 50,

      Defendants.

Case No.: C-11-03979-YGR

**ORDER GRANTING MOTION OF DEFENDANTS TO DISMISS THE COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Tanya Stutson brings this *Bivens* action against the Bureau of Prisons ("BoP") and 50 unnamed Defendants for an alleged sexual assault on Plaintiff that occurred while Plaintiff was an inmate at the Federal Correctional Institution in Dublin, California ("FCI Dublin").  Plaintiff asserts claims under both (1) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401; and (2) and *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

Defendant Bureau of Prisons has filed a Motion to Dismiss on the grounds that, as an agency of the United States government, it is immune from suit, and even if it is not immune from suit, that Plaintiff's claims are time barred under the statute of limitations.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to **DISMISS WITH LEAVE TO AMEND**.[1]

## I.    BACKGROUND

Plaintiff alleges that on September 10, 2006, while on a work assignment at the Park Reserve Forces Training Area, a United States Army facility located adjacent to FCI Dublin, she was raped by

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on May 1, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for May 1, 2012.

1   an unknown assailant whom she believes to be a member of the United States Army.  *See* Dkt. No. 1

2   ("Complaint"); Dkt. No. 20, Plaintiff's Separate Case Management Statement ("Pl.'s CMC"), ¶ 5.

3   According to the Complaint, BoP officials denied Plaintiff access to medical care[2] and removed her

4   from the general population by placing her in a restrictive two woman cell, which prevented her from

5   identifying the person responsible for the sexual assault.[3]  Complaint at 2-3 ¶¶ 3, 7.  Plaintiff was

6   transferred to the Federal Correctional Institution in Coleman, Florida ("FCI Coleman") on December

7   16, 2007.  Pl.'s CMC ¶ 5.  Plaintiff alleges that she also was denied access to medical care at FCI

8   Coleman.  *Id.*

9        Plaintiff states that the United States Army closed its criminal investigation into her attack

10   sometime in 2008.  Pl.'s CMC ¶ 5.  Plaintiff tried to conduct her own investigation into the identity of

11   her assailant, but was prevented from doing so when she removed from the general prison population

12   and then transferred to FCI Coleman.  Pl.'s Opp'n 4, 7.  Plaintiff also attempted to obtain a copy of

13   the Military Police Report but she never received a copy.  *Id.* 4-5, 8.  On November 25, 2009, after

14   waiting approximately three to four months to receive a copy of the Military Police Report, Plaintiff

15   mailed an administrative tort claim to BoP but mailed the claim to the wrong address.  *Id.* 4-5, 7, 8.

16        BoP received Plaintiff's administrative tort claim on February 3, 2011.  *See* Dkt. No. 17

17   ("Mot. Dismiss") 2, 9; Dkt. No. 17-1, Carpenter Dec. ¶ 4 & Ex. A.[4]  Plaintiff filed this lawsuit on

18   August 1, 2011.

---

[2] Plaintiff's Opposition and her Separate Case Management Statement suggest otherwise.  Both documents indicate that Plaintiff received medical care for her injuries on September 16, 2006, again approximately four months later, and also had two surgeries as a result of injuries suffered during her attack.  Dkt. No. 24 ("Pl.'s Opp'n") at 4; Pl.'s CMC ¶ 5.

[3] In the Complaint, Plaintiff alleges that the denial of medical treatment and her placement in restrictive quarters were in retaliation for filing an administrative claim.  Complaint at 2 ¶ 4.  Plaintiff clarifies in her Opposition that the retaliation stemmed from reporting an unrelated incident of sexual harassment.  Pl.'s Opp'n 4, 7.  It also appears from the Military Police Report, attached to Plaintiff's Opposition, that Plaintiff first reported the rape in October 2007, which supports Plaintiff's assertion that denial of medical treatment and placement in isolation are unrelated to the sexual assault.  *See* Dkt. No. 24, Ex. 1 at 5.

[4] The claim Plaintiff presented provides:  "I was sexually assaulted by military personnel while an inmate at F.C.I. Dublin."  Carpenter Dec., Ex. A, Dkt. No. 17-2.

United States District Court
Northern District of California

## II.      LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Review is generally limited to the contents of the complaint and documents attached thereto. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). However, the Court also may consider a matter that is properly the subject of judicial notice without converting a motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

A challenge to subject matter jurisdiction under Rule 12(b)(1) "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 n.2 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack on the court's subject matter jurisdiction, the defendant challenges the sufficiency of the allegations of subject matter jurisdiction in the complaint. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). The standard of review is akin to the Rule 12(b)(6) standard, *i.e.*, all allegations of the complaint are taken as true and all disputed issues of fact are resolved in favor of the plaintiff. *Id.* In a factual challenge under Rule 12(b)(1), "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (court may review evidence beyond complaint without converting Rule 12(b)(1) motion into one for summary judgment). BoP's challenge is both facial and factual.

1   **III.     ANALYSIS**

2          BoP moves to dismiss the Complaint on three grounds:  First, that the Court lacks subject

3   matter jurisdiction over Plaintiff's *Bivens* claims against BOP because the United States has not

4   waived its sovereign immunity over such *Bivens* claims.  Second, that the Court lacks subject-matter

5   jurisdiction over Plaintiff's FTCA claims because Plaintiff did not file an administrative tort claim

6   within two years, as required under the FTCA.  *See* 28 U.S.C. § 2401(b).  Third, BoP contends that

7   Plaintiff's *Bivens* claims against BOP and Does 1 through 50 fail to state claims upon which relief can

8   be granted because the claims are time barred.

9          Federal courts are courts of limited jurisdiction.  They have no power to consider claims for

10   which they lack subject-matter jurisdiction.  *See Chen-Cheng Wang ex rel. United States v. FMC*

11   *Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).  While California superior courts are courts of general,

12   unlimited jurisdiction and can render enforceable judgments in practically any type of case, federal

13   courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate.

14   Those cases involve diversity of citizenship (where the parties are from different states), a federal

15   question (arising under the Constitution, laws, or treaties of the United States), or cases to which the

16   United States is a party.  *See, e.g.*, *Kokkonen v. Guardian Life Insur. Co. of Am.*, 511 U.S. 375 (1994).

17   Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing

18   the contrary rests upon the party asserting jurisdiction.  *Id.* at 377.  If the Court determines that

19   subject matter jurisdiction is lacking, the Court must dismiss the case.  *Augustine v. United States*,

20   704 F.2d 1074, 1077 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

21          **A.     CLAIMS AGAINST THE BUREAU OF PRISONS**

22                  **1.     *Bivens* Claims Are Not Available Against BoP.**

23          A *Bivens* action is a claim for damages against individual federal officials for violation

24   of constitutional rights where no other remedy is available.  *See Ibrahim v. Dep't of Homeland Sec.*,

25   538 F.3d 1250, 1257-58 (9th Cir. 2008).  The Supreme Court has declined to extend *Bivens* remedies

26   from individuals to federal agencies.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  Therefore,

27   Plaintiff may not bring a *Bivens* action against BoP, which is a federal agency.  Thus, insofar as

28

United States District Court
Northern District of California

1    Plaintiff asserts a *Bivens* action against BoP, the Court does not have subject matter jurisdiction over

2    her claim.

3         Based on this analysis, the Court finds that Plaintiff's *Bivens* claim against BoP must be

4    dismissed for lack of subject matter jurisdiction.  Although it does not appear this can be cured by

5    amendment, the Court **GRANTS** the Motion to Dismiss the *Bivens* claim against BoP **WITH LEAVE**

6    **TO AMEND**.

7              *2.    Federal Tort Claims Act ("FTCA")*

8         Absent waiver, sovereign immunity shields the federal government and its agencies

9    from suit.  *Meyer*, *supra*, 510 U.S. at 475.  "Sovereign immunity is jurisdictional in nature.  Indeed,

10   the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to

11   entertain the suit.'"  *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (alteration in

12   original); *see also, United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the

13   United States may not be sued without its consent and that the existence of consent is a prerequisite

14   for jurisdiction.").

15                   a)    FTCA waives sovereign immunity for negligent acts.

16        The FTCA provides a limited waiver of the government's immunity from tort

17   liability.  *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009).  It waives the United States'

18   immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the

19   Government while acting within the scope of his office or employment, under circumstances where

20   the United States, if a private person, would be liable to the claimant in accordance with the law of

21   the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1) (quoted in *Sosa v. Alvarez-*

22   *Machain*, 542 U.S. 692, 700 (2004)).  The FTCA does not waive the government's sovereign

23   immunity for intentional torts such as assault and battery.  28 U.S.C. § 1346(b).  As a matter of law,

24   the United States cannot be sued unless it has consented to be sued.  *See Mitchell*, *supra*, 463 U.S. at

25   212.  Because the United States has not consented to suits for intentional torts, to the extent Plaintiff

26   alleges intentional torts were committed by unknown government employees, the FTCA does not

27   confer jurisdiction over such claims against BoP.

28

United States District Court
Northern District of California

b)      FTCA's administrative tort claim presentment requirement.

For the Court to have jurisdiction over an FTCA claim against BoP, the claim must be presented in writing to the appropriate agency within two years after the claim accrues.  28 U.S.C. § 2401(b).  The statute of limitations for an FTCA claim is jurisdictional, meaning that the Court is precluded from hearing a case unless this requirement is met.  *Marley*, *supra*, 567 F.3d at 1032 (holding "statute of limitations in 28 U.S.C. § 2401(b) is jurisdictional and, consequently, that equitable doctrines that otherwise could excuse a claimant's untimely filing do not apply").  In addition, the requirement is so stringent that federal law does not even allow the Court to consider whether equitable doctrines, such as tolling or estoppel, might allow the suit to proceed.  *Id.*

Here, Plaintiff claims that on September 10, 2006, an unknown individual sexually assaulted her.  She argues in her Opposition that she mailed her administrative tort claim to the wrong address on November 25, 2009.  BoP first received an administrative tort claim from Plaintiff on February 3, 2011.  The claim states:  "I was sexually assaulted by military personnel while an inmate at F.C.I. Dublin."  Carpenter Dec., Ex. A.

Taking the September 10, 2006, date as the triggering event for purposes of the FTCA's statute of limitations, Plaintiff would have until September 10, 2008 to file a claim.  BoP has provided evidence that Plaintiff presented a claim in February 2011, over two years after the deadline to present a claim for her September 2006 attack.  Even if Plaintiff had presented a claim in November 2009, such claim still would have been untimely.

Based on this analysis, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim against BoP brought pursuant to the Federal Tort Claims Act.  Although it appears that this deficiency cannot be cured by amendment, the Court **GRANTS** the Motion to Dismiss the Federal Tort Claims Act claim against the BoP **WITH LEAVE TO AMEND**.

**B.      STATUTE OF LIMITATIONS**

To the extent that the Court has subject matter jurisdiction over Plaintiff's *Bivens* claim against BoP or the unknown Doe defendants, the claim is time barred.  *Bivens* claims are characterized as personal injury claims.  *See Van Strum v. Lawn*, 940 F.2d 406, 408-10 (9th Cir. 1991) (holding that "the personal injury statute of limitations properly applies to *Bivens* claims.").

United States District Court
Northern District of California

1    Court's should apply the statute of limitations for the state in which the injury occurs.  In California,

2    the statute of limitations for personal injury claims is two years.  Cal. Code Civ. Pro. § 335.1.

3    Pursuant to California Code of Civil Procedure § 352.1, the applicable statute of limitations is tolled

4    "for a maximum of 2 years" during a prisoner's incarceration.  Furthermore, "[u]nder federal law, a

5    claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the

6    action." *Canatella v. Van De Kamp*, 486 F.3d 1128, 1133 (9th Cir. 2007) (quoting *TwoRivers v.*

7    *Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

8        Here, Plaintiff claims that on September 10, 2006, an unknown defendant sexually assaulted

9    her and then other unknown defendants conspired to deny her medical treatment and placed her in a

10    restrictive two-woman cell.  Complaint at 2, ¶¶ 3-5.  Taking the September 10, 2006, date as the

11    triggering event for statute of limitations purposes, pursuant to California Code of Civil Procedure §

12    352.1, Plaintiff's  *Bivens* claim would be tolled for a maximum period of two years during her

13    incarceration, until September 10, 2008.  California's two-year statute of limitations would then begin

14    to run, requiring Plaintiff to file her *Bivens* action against BoP and the unnamed defendants no later

15    than September 10, 2010.  Plaintiff filed her *Bivens* action on August 15, 2011, which on the face of

16    the Complaint, is almost one year after the statute of limitations expired.

17        Based on this analysis, the Court finds that Plaintiff's *Bivens* claim is barred by the statute of

18    limitations.  Although it appears that this deficiency cannot be cured by amendment, the Court

19    **GRANTS** the Motion to Dismiss Plaintiff's *Bivens* claim against the BoP and the 50 unnamed

20    defendants **WITH LEAVE TO AMEND**.

21    **IV.      CONCLUSION**

22        The Motion to Dismiss is **GRANTED**.  Plaintiff's Complaint is **DISMISSED WITH LEAVE TO**

23    **AMEND**.  Plaintiff shall have until **May 25, 2012** to file an amended complaint.  Failure to file an

24    amended complaint by that date shall result in dismissal of this lawsuit.  Any response to the amended

25    complaint must be filed within 30 days after the amended complaint is filed.

26        The May 1, 2012 hearing on the Motion to Dismiss is **VACATED**.

27        Plaintiff is encouraged to visit the Legal Help Center in the San Francisco or San Jose

28    courthouses for limited-scope help from an attorney.  There is no fee for this service.  To make an

United States District Court
Northern District of California

appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse or call 415/782-9000 (ext. 8657).  To make an appointment with the Legal Help Center in San Jose, Plaintiff may visit the San Jose Courthouse or call  408/297-1480.  Please visit the Court's website, http://cand.uscourts.gov/proselitigants, or call the phone numbers listed above for current office hours, forms and policies for both Legal Help Centers.

This Order Terminates Docket Number 17.

**IT IS SO ORDERED.**

Date: April 25, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

8